BARRERA & ASSOCIATES
PATRICIO T.D. BARRERA (SBN 149696)
barrera@baattorneys.com
ASHLEY A. DAVENPORT (SBN 244573)
davenport@baattorneys.com
1500 Rosecrans Avenue, Suite 500
Manhattan Beach, CA 90266
Telephone: (310) 802-1500
Telefax:    (310) 802-0500

Attorneys for Plaintiff Patrick J. Couchois

FILED
2009 DEC 18 PM 3:08
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PATRICK J. COUCHOIS, an individual,

    Plaintiff,

vs.

CRYSTAL CATHEDRAL MINISTRIES, a California Corporation; and DOES 1 through 10, inclusive,

    Defendants.

Case No. SACV09-01500 DOC (ANx)

COMPLAINT FOR DAMAGES FOR:

1. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
2. RACE DISCRIMINATION UNDER TITLE VII
3. RACE DISCRIMINATION UNDER 42 USC §1981
4. NATIONAL ORIGIN DISCRIMINATION UNDER TITLE VII
5. NATIONAL ORIGIN DISCRIMINATION UNDER 42 USC §1981
6. AGE DISCRIMINATION UNDER THE ADEA

DEMAND FOR JURY TRIAL

Plaintiff Patrick J. Couchois, based upon personal knowledge as to all acts or events that plaintiff has undertaken or witnessed, and upon information and belief as to all others, complains and alleges as follows:

<u>OVERVIEW OF THE CASE</u>

This is an action under Title VII of the Civil Rights Act of 1964, as amended,

- 1 -

Complaint for Damages

codified at 42 U.S.C. 20003 *et seq.* ("Title VII"), 42 USC §1981, and the Age Discrimination in Employment Act, as amended, codified at 29 U.S.C. 621 *et seq.* ("ADEA") to correct unlawful employment practices on the basis of national origin (American), race (White), and age (59), and to provide appropriate relief to Plaintiff.

Plaintiff alleges that Defendant Crystal Cathedral Ministries ("Crystal Cathedral" or "Defendant") subjected Plaintiff Patrick J. Couchois ("Couchois" or "Plaintiff") to unlawful employment practices on the basis of his national origin (American), race (White) and age (59). More specifically, Plaintiff was discriminated against, as a result of the willful, reckless or negligent conduct of Defendant, on the basis of his national origin (American), race (White) and age (59) in violation of Title VII in the terms and conditions of employment and retention of position.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1337. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 USC §1981 ("Section 1981"), and the Age Discrimination in Employment Act, 29 U.S.C. 621 *et seq.* ("ADEA").

2. The employment practices alleged to be unlawful were committed in the City of Garden Grove, County of Orange, and within the jurisdiction of the United States District Court for the Central District of California.

## PARTIES

3. Plaintiff Patrick J. Couchois is an individual residing in the County of Los Angeles, State of California.

4. Plaintiff is informed and believes and thereon alleges that Defendant Crystal Cathedral Ministries is and at all times mentioned herein was a California corporation, licensed and authorized to transact business in the jurisdiction of the United States District Court for the Central District of California.

- 2 -

Complaint for Damages

arrera & Associates
500 Rosecrans Avenue
site 500
anhattan Beach, CA 90266

5. At all relevant times, Defendant, by its agents, has continuously been an employer engaged in an industry affecting commerce, within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e(b), (g) and (h).

6. At all relevant times, Defendant has continuously employed twenty (20) or more persons. At all relevant times, Crystal Cathedral was covered under applicable Federal employment anti-discrimination laws.

7. The true names and capacities of defendants named herein as Does 1 to 10 inclusive, whether individual, corporate, associate, or otherwise, are unknown to plaintiff who therefore sues such defendants under fictitious names as Does 1 through 10. Plaintiff reserves the right to amend the complaint and to name the Does individually or corporately as they become known. Plaintiff is informed and believes, and thereon alleges, that these defendants, Does 1 through 10, are in some manner or capacity, and to some degree, legally responsible and liable for the wrongs of which Plaintiff complains. Plaintiff will amend this complaint to allege the true names and capacities of these Doe defendants once they are ascertained. On information and belief, Plaintiff makes all allegations contained in this complaint against all defendants, including Does 1 through 10 inclusive.

8. At all times mentioned and with respect to the specific matters alleged in this complaint, plaintiff is informed and believes that each defendant was a parent, subsidiary, affiliate, alter ego, partner, agent, licensee, employee, employer, controlling licensor, principal, and/or joint venturer of each of the remaining defendants, and was at all times acting within the course and scope of such agency, service, employment, control and/or joint venture, and each defendant has ratified, approved, profited from and/or authorized the acts of each of the remaining defendants and/or failed to prevent such acts when having the power and/or duty to do so, with full knowledge of said acts. Whenever and

Complaint for Damages

wherever reference is made in this Complaint to any act by a Defendant, such allegations and reference shall also be deemed to mean the acts of each Defendant acting individually, jointly, and/or severally.

## PRELIMINARY FACTS COMMON TO ALL CLAIMS

9. More than thirty days prior to the institution of this lawsuit, Plaintiff filed charges with the Equal Employment Opportunity Commission alleging violations of Title VII and ADEA by Defendant. Plaintiff received his Notice of Suit Rights from the Commission, with a mail date of November 12, 2009. All required conditions precedent to the institution of this lawsuit have been fulfilled.

10. Defendant Crystal Cathedral is "the home base for the international Crystal Cathedral Ministries, including a congregation of over 10,000 members and the internationally televised 'Hour of Power.'" *See* www.crystalcathedral.org  For all times relevant to this action, Plaintiff worked in the County of Orange at the Garden Grove, California headquarters of Crystal Cathedral.

11. Plaintiff Patrick Couchois is fifty-nine (59) years old. Mr. Couchois was employed by Crystal Cathedral as a Television Editor for twenty-one (21) years, beginning his career with the company in September 1988. He has had a stellar career and did not receive any discipline or negative reviews regarding his performance.

12. On June 19, 2009, Mr. Couchois was informed by Peter Richardson, Mr. Couchois' supervisor (at the direct of Jim Penner, Executive Producer of the "Hour of Power" television show), that he was "out" and that he was being replaced by a new hire, a Spanish-speaking editor because the show's marketing strategy would be geared to the Spanish speaking community.

13. Mr. Couchois had edited Spanish-language television shows in his career without complaint regarding the final product, even though he could not

Barrera & Associates
1500 Rosecrans Avenue
Suite 500
Manhattan Beach, CA 90266

Complaint for Damages

speak Spanish fluently. Mr. Couchois was qualified to continue in the same position without issue. The fact that Mr. Couchois was not fluent in the Spanish language did not materially interfere with his job performance.

14. Crystal Cathedral posted Mr. Couchois' job position online after his termination stating that applicants must be bilingual English/Spanish. Mr. Couchois was not given an opportunity to test, train, or compete to show he could meet the new, stated duties to the extent Defendant truly perceived Mr. Couchois as being unable to perform the job under the new terms. The new requirement which is inherently unlawful, was actually a pretext to serve as a basis to terminate Plaintiff.

15. In addition, Crystal Cathedral television executives regularly made remarks to Plaintiff about older people. Plaintiff is informed and believes and based thereon alleges that his position was filled by a substantially younger employee. Mr. Couchois is an older worker as defined under the ADEA.

16. Defendant engaged in unlawful employment practices in violation of Title VII, Section 1981 and the ADEA by discriminating against Plaintiff on the basis of his national origin (American), race (White), and age (59). Plaintiff invokes the state and federal public policy prohibiting national origin discrimination because Defendant's "Spanish-is-a-requirement" policy is akin to unlawful "English-only" policies. Defendant does not have a justifiable business necessity for Spanish language as a requirement for Plaintiff's editing job. Defendant discriminated against Plaintiff by terminating his employment for the unlawful reasons set forth herein.

17. The effect of the intentional, reckless or negligent actions complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee on the basis of his national origin, race and age.

18. The unlawful employment practices and conduct complained of

- 5 -

Complaint for Damages

Barrera & Associates
500 Rosecrans Avenue
Suite 500
Manhattan Beach, CA 90266

above were done with malice, with reckless indifference to the federally protected rights of Plaintiff and resulted in injury to Plaintiff.

19. As a direct and proximate result of Defendant's aforesaid acts, Plaintiff has suffered emotional pain, suffering, inconvenience, loss of employment, humiliation and other damages, according to proof.

20. As a direct and proximate result of Defendant's aforesaid acts, Plaintiff has suffered a loss of earnings in an amount according to proof.

## FIRST CLAIM FOR RELIEF

(Wrongful Termination In Violation of Public Policy)

(Plaintiff against Defendant Crystal Cathedral and Does 1 through 10)

21. The allegations set for the preceding paragraphs are realleged and incorporated herein by reference.

22. There is a strong public policy against discrimination on the basis of age, race or national origin. Title VII, Section 1981, and the ADEA and other federal statutory schemes that protect workers against discrimination in the workplace nationwide. Title VII prohibits discrimination against Whites inasmuch as discriminatory preference for a particular group - here, Spanish-speaking employees - is prohibited. This public policy is violated when an employee is terminated based on a protected characteristic. Plaintiff is a member of protected classes based on his race, national origin and age. Defendant is charged with violating this public policy by terminating Plaintiff and taking the adverse employment actions against Plaintiff based on Plaintiff's race, national origin and age. Plaintiff invokes Title VII, Section 1981, and the ADEA as the basis for this claim for relief for discriminatory discharge in violation of public policy.

23. In discriminating against Plaintiff, Defendant violated the fundamental, substantial, and well-established public policies against discrimination embodied in Title VII, Section 1981, and the ADEA. Plaintiff is

Barrera & Associates
1500 Rosecrans Avenue
Suite 500
Manhattan Beach, CA 90266

Complaint for Damages

informed and believes and thereon alleges that defendant acted with ill will and malice toward plaintiff, at least in part, in taking adverse employment actions against him for discriminatory purposes.

24. As a proximate result of defendant's discriminatory conduct in violation of public policy, Plaintiff has sustained and continues to sustain substantial losses in past, present and future earnings, bonuses and other employment benefits in amounts to be proven at trial, which are in excess of the Court's minimum jurisdictional limits. Plaintiff's damages include all consequential, general, and special economic damages in amounts to be proven at trial.

25. As a proximate result of defendant's discriminatory conduct, plaintiff has suffered and continue to suffer humiliation, emotional distress and mental and physical pain and anguish, all to his damage in a sum according to proof.

26. Based on defendant's retaliatory, malicious, fraudulent, and oppressive conduct, plaintiff seeks an award of punitive damages in an amount according to proof.

27. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of said expenses and fees and prays for leave of court to amend this complaint when said amounts are more fully known to recover said expenses and fees as damages as allowed by statute.

## SECOND CLAIM FOR RELIEF
### (Race Discrimination under Title VII)
### (Plaintiff against Defendant Crystal Cathedral and Does 1 through 10)

28. The allegations set for the preceding paragraphs are realleged and incorporated herein by reference.

29. The United States law prohibits discrimination in the workplace,

including discrimination against workers on the basis of their race. Title VII of the Civil Rights Act of 1964 and federal statutory schemes protect workers who have been treated unfairly or were the victims of discrimination based upon their race. (42 USC §2000e-2(a)) Title VII also prohibits employment decisions based on stereotypes and assumptions about abilities, traits, or the performance of individuals of certain racial groups. (EEOC Guidelines, "Race/Color Discrimination" (available online at www.eeoc.gov)) Crystal Cathedral, by and through its employees and managing agents, is charged with discriminating against plaintiff by using plaintiff's race as a motivating factor in an adverse employment decision, the termination of plaintiff.

30.    As a proximate result of defendant's willful, knowing and intentional discrimination against plaintiff, he has sustained and continues to sustain substantial losses in earnings and other employment benefits. Plaintiff therefore seeks to recover all wages and benefits that he would have earned if not terminated, and wages and benefits from the present time forward in an amount to be proven at trial.

31.    As a proximate result of defendant's willful, intentional, and outrageous acts of discrimination against plaintiff, he has suffered and continues to suffer humiliation, emotional distress and mental and physical pain and anguish, all to his damages in a sum according to proof.

32.    Based on defendant's willful, malicious, despicable, and oppressive acts of discrimination against plaintiff, he seeks an award of other, special damages recoverable under Title VII, including punitive damages, in an amount according to proof.

33.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of said expenses and fees and prays for leave of court to amend this complaint when said amounts are more fully known in order to recover said expenses and fees as

- 8 -

Complaint for Damages

Barrera & Associates
1500 Rosecrans Avenue
Suite 500
Manhattan Beach, CA 90266

damages as allowed by statute.

### THIRD CLAIM FOR RELIEF

(Race Discrimination under 42 USC §1981)

(Plaintiff against Defendant Crystal Cathedral and Does 1 through 10)

34. The allegations set for the preceding paragraphs are realleged and incorporated herein by reference.

35. The United States law prohibits discrimination in the workplace, including discrimination against workers on the basis of their race. Plaintiff invokes the statutory scheme set forth at 42 USC §1981 as it prohibits racial discrimination in employment. Crystal Cathedral, by and through its employees and managing agents, is charged with discriminating against plaintiff by using plaintiff's race as a motivating factor in an adverse employment decision, the termination of plaintiff.

36. As a proximate result of defendant's willful, knowing and intentional discrimination against plaintiff, he has sustained and continues to sustain substantial losses in earnings and other employment benefits. Plaintiff therefore seeks to recover all wages and benefits that he would have earned if not terminated, and wages and benefits from the present time forward in an amount to be proven at trial.

37. As a proximate result of defendant's willful, intentional, and outrageous acts of discrimination against plaintiff, he has suffered and continues to suffer humiliation, emotional distress and mental and physical pain and anguish, all to his damages in a sum according to proof.

38. Based on defendant's willful, malicious, despicable, and oppressive acts of discrimination against plaintiff, he seeks an award of other, special damages recoverable under 42 U.S.C. §1981, including punitive damages, in an amount according to proof.

39. Plaintiff has incurred and continues to incur legal expenses and

Barrera & Associates
1500 Rosecrans Avenue
Suite 500
Manhattan Beach, CA 90266

attorneys' fees. Plaintiff is presently unaware of the precise amount of said expenses and fees and prays for leave of court to amend this complaint when said amounts are more fully known in order to recover said expenses and fees as damages as allowed by statute.

## FOURTH CLAIM FOR RELIEF
### (National Origin Discrimination under Title VII)
### (Plaintiff against Defendant Crystal Cathedral and Does 1 through 10)

40. The allegations set for the preceding paragraphs are realleged and incorporated herein by reference.

41. The United States law prohibits discrimination in the workplace, including discrimination against workers on the basis of their national origin. Title VII of the Civil Rights Act of 1964 and federal statutory schemes protect workers who have been treated unfairly or were the victims of discrimination based upon their national origin. (42 USC §2000e-2(a)) "National origin" is defined by the EEOC to include the birthplace of individuals or their ancestors, as well as display of the physical, cultural, or linguistic characteristics of a particular national group. (29 CFR §§1606.1-1606.8) Plaintiff invokes the state and federal public policy prohibiting national origin discrimination because Defendant's "Spanish-is-a-requirement" policy is akin to unlawful "English-only" policies. Defendant does not have a justifiable business necessity for Spanish language as a requirement for Plaintiff's editing job. Crystal Cathedral, by and through its employees and managing agents, is charged with discriminating against plaintiff by using plaintiff's national origin as a motivating factor in an adverse employment decision, the termination of plaintiff.

42. As a proximate result of defendant's willful, knowing and intentional discrimination against plaintiff, he has sustained and continues to sustain substantial losses in earnings and other employment benefits. Plaintiff therefore seeks to recover all wages and benefits that he would have earned if not

Barrera & Associates
1500 Rosecrans Avenue
Suite 500
Manhattan Beach, CA 90266

terminated, and wages and benefits from the present time forward in an amount to be proven at trial.

43. As a proximate result of defendant's willful, intentional, and outrageous acts of discrimination against plaintiff, he has suffered and continues to suffer humiliation, emotional distress and mental and physical pain and anguish, all to his damages in a sum according to proof.

44. Based on defendant's willful, malicious, despicable, and oppressive acts of discrimination against plaintiff, he seeks an award of other, special damages recoverable under Title VII, including punitive damages in an amount according to proof.

45. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of said expenses and fees and prays for leave of court to amend this complaint when said amounts are more fully known in order to recover said expenses and fees as damages as allowed by statute.

## FIFTH CLAIM FOR RELIEF

(National Origin Discrimination under 42 USC §1981)

(Plaintiff against Defendant Crystal Cathedral and Does 1 through 10)

46. The allegations set for the preceding paragraphs are realleged and incorporated herein by reference.

47. The United States law prohibits discrimination in the workplace, including discrimination against workers on the basis of their national origin. Plaintiff invokes the statutory scheme set forth at 42 USC §1981 as it prohibits discrimination on the basis of national origin in employment. Crystal Cathedral, by and through its employees and managing agents, is charged with discriminating against plaintiff by using plaintiff's national origin as a motivating factor in an adverse employment decision, the termination of plaintiff.

48. As a proximate result of defendant's willful, knowing and

intentional discrimination against plaintiff, he has sustained and continues to sustain substantial losses in earnings and other employment benefits. Plaintiff therefore seeks to recover all wages and benefits that he would have earned if not terminated, and wages and benefits from the present time forward in an amount to be proven at trial.

49. As a proximate result of defendant's willful, intentional, and outrageous acts of discrimination against plaintiff, he has suffered and continues to suffer humiliation, emotional distress and mental and physical pain and anguish, all to his damages in a sum according to proof.

50. Based on defendant's willful, malicious, despicable, and oppressive acts of discrimination against plaintiff, he seeks an award of other, special damages recoverable under 42 USC §1981, including punitive damages, in an amount according to proof.

51. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of said expenses and fees and prays for leave of court to amend this complaint when said amounts are more fully known in order to recover said expenses and fees as damages as allowed by statute.

### SIXTH CLAIM FOR RELIEF
(Age Discrimination under the ADEA)
(Plaintiff against Defendant Crystal Cathedral and Does 1 through 10)

52. The allegations set for the preceding paragraphs are realleged and incorporated herein by reference.

53. The law prohibits discrimination in the workplace, including discrimination against workers on the basis of their age. The ADEA protects workers over 40 who have been treated unfairly or were the victims of age discrimination. 29 U.S.C. §631(a). Congress passed the ADEA to address the practice of employment discrimination against older workers, and especially to

Complaint for Damages

redress the difficulty such workers faced in obtaining new employment after being displaced from their jobs. Crystal Cathedral, by and through its employees and managing agents, is charged with discriminating against plaintiff by using plaintiff's age, 59, as a motivating factor in the termination of plaintiff. Plaintiff was a qualified worker who was treated less favorably than other employees of defendants because of his age. At or about the time of Mr. Couchois' termination, Plaintiff is informed and believes and based thereon alleges that there was an employment posting on the internet for the editor position Mr. Couchois had held, seeking substantially less experience than Mr. Couchois had at the time of his termination. Plaintiff is informed and believes and based thereon alleges that his duties were taken over by a substantially younger worker.

54. Plaintiff received a notice of suit rights from the Equal Employment Opportunity Commission for age discrimination. Plaintiff invokes the ADEA as the basis for this statutory claim.

55. As a proximate result of defendant's willful, knowing and intentional discrimination against plaintiff, he has sustained and continues to sustain substantial losses in earnings and other employment benefits. Plaintiff therefore seeks to recover all wages and benefits that he would have earned if not terminated, and wages and benefits from the present time forward in an amount to be proven at trial.

56. Based on defendant's willful, malicious, despicable, and oppressive acts of discrimination against plaintiff, he seeks an award of other, special damages recoverable under the ADEA, including liquidated damages in an amount according to proof.

57. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Plaintiff is presently unaware of the precise amount of said expenses and fees and prays for leave of court to amend this complaint when said

Barrera & Associates
1500 Rosecrans Avenue
Suite 500
Manhattan Beach, CA 90266

Complaint for Damages

amounts are more fully known in order to recover said expenses and fees as damages as allowed by statute.

## PRAYER

WHEREFORE, Plaintiff Patrick J. Couchois prays judgment against the defendant Crystal Cathedral Ministries as follows:

### ON THE FIRST CLAIM FOR RELIEF:

1. For compensatory damages in an amount to be proven at trial, but which include without limitation, back pay, front pay, lost employee benefits, and other special, general and statutory damages, including damages for emotional distress, according to proof;

2. For punitive damages in an amount to be proven at trial;

3. For an award of attorneys' fees and legal expenses to the extent allowed under the law; and

4. For an award of interest, including pre-judgment interest at the legal rate.

### ON THE SECOND AND FOURTH CLAIMS FOR RELIEF:

5. For compensatory damages in an amount to be proven at trial, but which include without limitation, back pay, front pay, lost employee benefits, and other special, general and statutory damages, including damages for emotional distress, according to proof;

6. Under Title VII, punitive damages in an amount to be proven at trial;

7. For an award of attorneys' fees and legal expenses to the extent allowed under Title VII and applicable law; and

8. For an award of interest, including pre-judgment interest at the legal rate;

### ON THE THIRD AND FIFTH CLAIMS FOR RELIEF::

9. For compensatory damages in an amount to be proven at trial, but

Barrera & Associates
500 Rosecrans Avenue
Suite 500
Manhattan Beach, CA 90266

Complaint for Damages

which include without limitation, back pay, front pay, lost employee benefits, and other special, general and statutory damages, including damages for emotional distress, according to proof;

10. Punitive damages in an amount to be proven at trial;

11. For an award of attorneys' fees and legal expenses to the extent allowed under applicable law; and

12. For an award of interest, including pre-judgment interest at the legal rate;

### ON THE SIXTH CLAIM FOR RELIEF::

13. For compensatory damages in an amount to be proven at trial, but which include without limitation, back pay, front pay, lost employee benefits, and other special, general and statutory damages, according to proof;

14. Liquidated damages in an amount to be proven at trial;

15. For an award of attorneys' fees and legal expenses to the extent allowed under applicable law; and

16. For an award of interest, including pre-judgment interest at the legal rate;

### UNDER ALL CLAIMS FOR RELIEF:

17. For costs of suit incurred herein; and

18. For such other and further relief as this Court deems just and proper.

Dated: December 16, 2009          BARRERA & ASSOCIATES

                                  By: _____
                                  Patricio T.D. Barrera
                                  Ashley A. Davenport
                                  Attorneys for Plaintiff Patrick J. Couchois

- 15 -

Complaint for Damages

Barrera & Associates
500 Rosecrans Avenue
Suite 500
Manhattan Beach, CA 90266

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: December 16, 2009

BARRERA & ASSOCIATES

By: _____
Patricio T.D. Barrera
Ashley A. Davenport
Attorneys for Plaintiff Patrick J. Couchois

Complaint for Damages

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

**SACV09- 1500 DOC (ANx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Patricio T.D. Barrera (SBN 149696)
BARRERA & ASSOCIATES
1500 Rosecrans Avenue, Suite 500
Manhattan Beach, CA 90266
Tel: (310) 802-1500

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK J. COUCHOIS an individual<br><br>PLAINTIFF(S)<br>v.<br>CRYSTAL CATHEDRAL MINISTRIES, a California Corporation; and DOES 1 through 10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>SACV09-01500 DOC (ANx)<br><br>SUMMONS |

TO:     DEFENDANT(S): CRYSTAL CATHEDRAL MINISTRIES

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Patricio T.D. Barrera__, whose address is __1500 Rosecrans Ave., Suite 500, Manhattan Beach, CA 90266__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __DEC 18 2009__     By: __CHRISTOPHER POWERS__
                                               Deputy Clerk
                                               (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)                                  SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
PATRICK J. COUCHOIS

**DEFENDANTS**
CRYSTAL CATHEDRAL MINISTRIES

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Patricio T.D. Barrera (SBN 149696), Barrera & Associates
1500 Rosecrans Avenue, Suite 500, Manhattan Beach, CA 90266
Tel: (310) 802-1500

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT:** $ Amt in controversy exceeds $75K

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Title VII, 42 USC 2000e; 42 USC 1981; ADEA 29 USC 621

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Act
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Info. Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS - PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus-Alien Detainee
- ☐ 465 Other Immigration Actions

**TORTS - PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 American with Disabilities - Employment
- ☐ 446 American with Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus/Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety /Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: **SACV09-01500**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)     CIVIL COVER SHEET     Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No  ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case?  ☒ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date 12/16/09

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |